IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH RUBEN BRIDGEWATER,　　　　　No. CIV S-07-2511-FCD-CMK-P

　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

TOM FELKER, et al.,

　　　　Defendants.

　　　　　　　　　　　　　　　　 /

　　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

## I. BACKGROUND

### A. Plaintiff's Allegations

Plaintiff names the following as defendants:  Felker, Faulk, Lockart, Spalding, and Moore.  Plaintiff alleges that "African-Americans [are] being systematically . . . shipped and housed at High Desert State Prison."  He also alleges an "underground policy of 'not allowing them to be transferred.'"  Plaintiff claims that he was improperly transferred to High Desert State Prison.  He also claims that he was informed by defendant Lockart that ". . . he and his boys knew all about [plaintiff] filing paper work against this prison (High Desert) and that [plaintiff would] wish [he hadn't] done so."  Plaintiff asserts that defendant Moore informed him that he was being "fast tracked" to a program for behavior modification because he had filed grievances concerning his transfer.  He also claims that he was improperly classified as a member of a prison gang in retaliation and as a form of harassment.  Finally, he claims that his prison grievances were intentionally "lost."

As to defendant Felker, plaintiff claims that he is responsible for the actions of his subordinates.  As to defendant Faulk, plaintiff asserts that he willfully and knowingly participated in the alleged retaliation.  It appears that liability against Faulk is alleged on the basis of his function as a facility captain responsible for the conduct of subordinate correctional officers.  As to defendant Spalding, plaintiff alleges that he began the process to improperly label

him a gang member. As to defendants Lockart and Moore, plaintiff alleges these were the actual correctional officers who engaged in other various acts of claimed retaliation.

Plaintiff states that the facts of his case give rise to a claim of retaliation and a claim of violation of equal protection. Plaintiff specifically admits that the grievance process is not completed. Plaintiff seeks monetary damages and injunctive relief.

**B.     Procedural History**

On January 8, 2008, the court issued a screening order which stated:

> The court concludes that plaintiff has stated a claim against defendants Spalding, Lockart, and Moore based on retaliation. Plaintiff has not, however, established a causal link between any named defendant and alleged racial discrimination. Nor has plaintiff adequately alleged the supervisory liability of defendants Felker or Faulk.

The court provided plaintiff an opportunity to file an amended complaint within 30 days to cure the defects identified in the order. Plaintiff was also provided the option of standing on the original complaint because it stated cognizable claims and was appropriate for service. Specifically, the court stated:

> Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

To date, plaintiff has not filed any amended complaint. Plaintiff thus is standing on the original complaint addressed in the January 8, 2008, order. The court now recommends dismissal of the defective claims. For the convenience of the district judge, the relevant portions of the court's January 8, 2008, order will be reproduced here.

/ / /
/ / /
/ / /
/ / /
/ / /

3

## II. DISCUSSION

<u>Retaliation</u>

Prisoners retain a First Amendment right to petition the government through the prison grievance process. See <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995). In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must allege that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See <u>Barnett v. Centoni</u>, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must allege a specific link between the alleged retaliation and the exercise of a constitutional right. See <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995); <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also allege that his constitutional right was actually chilled by the alleged retaliatory conduct. See <u>Resnick v. Hayes</u>, 213 F.3d 443, 449 (9th Cir. 2000). Thus, the prisoner plaintiff must allege the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action actually chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See <u>Rhodes v. Robinson</u>, 408 F.3d 559, 568 (9th Cir. 2005).

In this case, the court concludes that plaintiff has made out a prima facie case of retaliation. Specifically, he has alleged that defendants Spalding, Lockart, and Moore took adverse action against him – for example, classifying his as a gang member – solely because he filed grievances and that his right of access to the courts was actually chilled, as demonstrated by his paperwork being intentionally "lost." By separate order, the court will direct plaintiff to return documents necessary for service on these defendants by the United States Marshal.

/ / /

/ / /

/ / /

Equal Protection

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

In this case, plaintiff alleges that African-American inmates are being singled out as a group for transfer to High Desert State Prison.[1] Plaintiff has not, however, alleged how any of the named defendants are linked to the allegedly improper transfer. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the

---

[1] The court recognizes that, as a general rule, inmates do not have a due process right in remaining at any particular institution. See Meachum v. Fano, 427 U.S. 215, 225-27 (1976). This is not to say, however, that prisoners necessarily have no right to be free from discriminatory prison transfers. See Cruz, 405 U.S. 321.

deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff was provided an opportunity to amend as to this claim, but chose not to do so. Therefore, the court recommends that plaintiff's retaliation claim be dismissed.

<u>Supervisory Liability</u>

It appears that the sole basis for liability as against defendants Felker and Faulk is their supervisory capacity. Supervisory personnel are, however, generally not liable under § 1983 for the actions of their employees. <u>See</u> <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. <u>See</u> <u>id.</u> When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Again, plaintiff was provided an opportunity to amend but chose not to do so. Therefore, the court recommends dismissal of defendants Felker and Faulk.

/ / /

/ / /

### III.  CONCLUSION

This action should proceed only on plaintiff's claim against defendants Spalding, Lockart, and Moore based on retaliation. All other claims and defendants should be dismissed.

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's equal protection claim should be dismissed; and
2. Defendants Felker and Faulk should be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 28, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE